UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DIGITALWAY SERVICES, LLC,**

  Plaintiff,

v.                                                      No. 4:22-CV-0602-P

**BLUE RIDGE HEALTHCARE ET AL.,**

  Defendants.

## OPINION & ORDER

Before the Court is Defendants' Motion to Dismiss. ECF No. 13. The Court hereby **TRANSFERS** this case to the Southern District of Alabama for the following reasons.

## FACTUAL & PROCEDURAL BACKGROUND

This case involves a contractual dispute between Plaintiff—a satellite television service provider—and Defendants Blue Ridge Healthcare—a Delaware LLC who purchased senior living facilities in Alabama. Plaintiff alleges that Defendants breached a five-year contract made in 2019. Defendant alleges that they were not a party to the contract and only purchased assets belonging to the actual parties to the contract. Defendants only alleged actions involving Texas come through a Texas choice-of-law clause in the contract and its communications, negotiations, and payments to Plaintiff.

Defendants moved to dismiss under Rule 12(b)(6) for failure to state a claim and under Rule 12(b)(2) for lack of personal jurisdiction. The facts and contentions argued under rule 12(b)(6) are immaterial to this motion as—even construing all disputed facts favorably to Plaintiff—this Court does not have personal jurisdiction over Defendants. The Court thus addresses personal jurisdiction alone.

## LEGAL STANDARD

The plaintiff bears the burden of establishing jurisdiction but must present "only prima facie evidence." *Luv N' care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). In determining whether a plaintiff has met its burden, district courts must "accept the plaintiff's uncontroverted allegations as true and resolve all conflicts of jurisdictional facts contained in the parties' affidavits and other documentation in the plaintiff's favor." *Jones v. Artists Rts. Enf't Corp.*, 789 F. App'x 423, 425 (5th Cir. 2019).

## ANALYSIS

### A. Personal Jurisdiction

District courts may exercise personal jurisdiction over nonresident defendants if two conditions are met: (1) if the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) if the exercise of personal jurisdiction satisfies the Due Process Clause of the Fourteenth Amendment. *See Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). And because the Texas long-arm statute extends to the limits of federal due process, the two-step process "collapses into one federal due process analysis." *Sangha v. Navig8 Ship Mgmt. Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018).

A court may assert specific jurisdiction[1] over a nonresident defendant "whose contacts with the forum state are singular or sporadic only *if* the cause of action asserted arises out of or is related to those contacts." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014)). When a plaintiff asserts specific jurisdiction, a court must determine: (1) whether "the defendant purposefully directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there"; and (2) whether "the controversy arises out of or is related to the defendant's conduct with the forum state." *Freudensprung*, 379 F.3d at 343. When a plaintiff

---

[1] Neither party asserts that Digitalway is subject to general jurisdiction. Thus, the Court only addresses whether specific jurisdiction exists.

2

successfully satisfies these two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

As to the first prong, contacts that are "random, fortuitous, or attenuated" do not satisfy the minimum contacts requirement. *Moncrief Oil Int'l. Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007). But a single act by the defendant directed at the forum state can confer personal jurisdiction if the single act gives rise to the claim being asserted. *See Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993). The required analysis must "look to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Put simply, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is a defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.*

A mere contract with a resident of the forum state is not enough on its own, and thus courts must also look to the context and activity surrounding a contract. *See Stuart v. Spademan*, 772 F.2d 1185, 1193 (5th Cir. 1985). The context and activity surrounding the contract must be substantial enough to avail a defendant of the privilege of doing business in Texas. *See id.* This generally requires more than the mere remittance of payments or interstate communications with a forum plaintiff. *See Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (finding no jurisdiction where the defendant entered a contract with a Texas resident, sent an agreement and multiple checks to Texas, and engaged in extensive telephonic and written communication with the plaintiff).

In *Stuart v. Spademan,* the Fifth Circuit held that a non-forum defendant's contractual contacts with a Texas plaintiff could not meet minimum contacts. 772 F.2d 1185, 1192–94 (5th Cir. 1985). The court stated that "[t]he random use of interstate commerce to negotiate and close a particular contract, the isolated shipment of goods to the forum at the instigation of the resident plaintiffs, and the mailing of payments

3

to the forum do not constitute the minimum contacts necessary to constitutionally exercise jurisdiction." *Id.*

Like the plaintiff in *Stuart*, Plaintiff's assertion rests almost entirely on the random use of interstate commerce to execute a contract, various payments, and sporadic communications. The context and activity surrounding this contractual relationship hardly avails itself of any of the privileges of Texas outside of its airwaves and electronic banking infrastructure. The only distinguishing factor between these two cases is the Texas choice of law clause, which has little impact by itself. *See Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026, 1029 (5th Cir. 1983); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) (discussing the minor relevance of the choice of law provisions to minimum contacts analysis). Even with the choice of law clause, minimum contacts are not present. *See Stuart*, 772 F.2d at 1192–94 (finding no indication that the nonresident defendant intended to avail himself of the privilege of doing business in Texas and hence no specific jurisdiction where nonresident defendant contracted with Texas residents, directed letters and phone calls to Texas, shipped prototypes and products to Texas, negotiated a contract with plaintiffs that was to be governed by Texas law, and marketed his product in Texas).

Because Plaintiff fails on the first prong, an analysis of the other elements and fairness is unnecessary. The Court thus lacks personal jurisdiction over Defendants.

### B. 28 U.S.C § 1631 - Transfer

Because personal jurisdiction is not present, the Court must determine whether the case should be dismissed or transferred to a district where jurisdiction is proper. *See* 28 U.S.C § 1631. In 1982, Congress passed a statute explicitly authorizing district courts to transfer a case when it "finds that there is a want of [personal] jurisdiction . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." *Id.*; *Franco v. Mabe Trucking Co., Inc.*, 3 F.4th 788, 795 (5th Cir. 2021) ("[W]e join the weight of circuit authority and conclude that the use of the term "jurisdiction" in § 1631 encompasses . . . personal jurisdiction.").

"A case is 'transferable' [under § 1631] when three conditions are met: (1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice." *Harutyunyan v. Love*, No. CV 19-41, 2019 WL 5551901, at *4 (E.D. La. Oct. 28, 2019)

*First*, venue is proper in any judicial district in which any "defendant resides" or where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(1–2). Based on the complaint and facts before the Court, the Southern District of Alabama is the appropriate venue for this case. Personal jurisdiction is also appropriate here as most of the business contacts and property is in the state of Alabama. *Second*, as discussed above, this Court lacks personal jurisdiction over Defendants. *Third*, a transfer is necessary here as it would cut the time and expense expended by the parties in continuing this case. Rather than refiling and reserving Defendants—which was a difficulty to begin with—this case can continue in its current posture. These factors, among others—that serve judicial economy and the cost of the suit to both parties—are in the interest of justice.

Transfer is thus necessary.

## CONCLUSION

For the above reasons, the Court **TRANSFERS** this case to the Southern District of Alabama.

**SO ORDERED** on this **16th day of May 2023.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE